**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 08-520-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Jose Contreras-Rangel, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss the indictment. Doc. #75. Defendant is charge in the superseding indictment with illegal re-entry after deportation, harboring illegal aliens and conspiracy to harbor illegal aliens. Doc. #68. Defendant argues four reasons the Court should dismiss the superseding indictment: 1) the superseding indictment is untimely; 2) double jeopardy between the harboring charge and the conspiracy to harbor charge; 3) duplicitous indictment charging "entered" and "found in" the United States in one count; and 4) failure of the indictment to include "voluntary" in the reentry count.

**A.    Speedy Trial Act**

Defendant argues that this Court should dismiss the superseding indictment because the speedy trial act requires that the indictment be obtained within 30 days of arrest; and the superseding indictment in this case was obtained more than 30 days after arrest. Doc. #75 at 4. In essence, Defendant claims that a superseding indictment must effectively dismiss the

1  original indictment. *Id.* Then, he argues that in this case the superseding indictment must
2  be obtained within three days of the dismissal of the original indictment because the
3  government used 27 of the 30 days allowed in the speedy trial act to obtain the first
4  indictment. *Id.* The superseding indictment in this case was obtained over nine months after
5  Defendant's arrest. *Compare* Doc. #1 *with* Doc. #68.  However, assuming Defendant is
6  correct that the filing of the superseding indictment effectively dismissed the original
7  indictment, then the superseding indictment was obtained at that same time.  Thus, it would
8  be within the three days Defendant claims the government had left.

9  Moreover, the government notes that under Ninth Circuit case law a superseding
10 indictment need not be obtained within 30 days of arrest. *See United States v. Gastelum-*
11 *Alemida*, 298 F.3d 1167, 1173 (9th Cir. 2002) ("A superseding indictment issued before the
12 original indictment is dismissed may issue more than thirty days after the arrest.  Not all
13 charges must be filed within the first thirty day period." (internal quotations omitted)).  Thus,
14 the Court finds that the superseding indictment does not need to be dismissed on this speedy
15 trial act basis.[1]

16 Next Defendant argues that the superseding indictment should be dismissed because
17 he is prejudiced by it. Doc. #75 at 5 (citing *United States v. McCown*, 711 F.2d 1441 (9th Cir.
18 1983). In *McCown*, the Court of Appeals stated that the Court should determine whether the
19 defendant suffered any actual prejudice (under the speedy trial act) as a result of the
20 additional charges in the superseding indictment.  *McCown*, 711 F.2d at 1448, n.5.
21 Defendant argues that because his stipulation to release the material witnesses was enter into
22 before the superseding indictment was obtained, his right to confront witnesses on the
23 additional charges has been violated.  Thus, Defendant argues the two new charges in the
24 superseding indictment (conspiracy and illegal reentry) should be dismissed.

25

26  [1] Defendant also seeks dismissal of the original indictment because the rules do not
27  permit multiple indictments in the same proceeding. Doc. #75 at 5.  Because the Court
concludes that the superseding indictment completely "supersedes" the original indictment,
28  the Court does not find that a formal dismissal of the original indictment is required.

- 2 -

It is undisputed that Defendant's counsel signed a stipulation agreeing to the release of the material witnesses. Doc. #14. That stipulation states, "The government may elicit hearsay from the arresting agents regarding any statements made by the above-referenced material witnesses contained in the disclosure, and such testimony shall be admitted as substantive evidence in any hearing or trial in the above-encaptioned matter." *Id.* at 1-2.

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42 (2004). The accused may waive this right. *See United States v. Mezzanatto,* 513 U.S. 196, 201 (1995). The government must establish by clear and convincing evidence that the waiver was voluntary, knowing, and intelligent. *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000); *United States v. Marotta,* 518 F.2d 681, 684 (9th Cir. 1975) ("[T]he government always has the burden of proving that a defendant knowingly waived his constitutional rights."). A defendant's attorney may waive the right to confront witnesses as a trial strategy. *Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965). If a stipulation in a criminal trial is entered into freely and voluntarily it is binding and enforceable; thus "a defendant who has stipulated to the admission of evidence cannot later complain about its admissibility." *United States v. Technic Services, Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002). Courts should interpret the stipulation "so as to carry out the intention of the parties." *United States v. Petty*, 80 F.3d 1384, 1387 (9th Cir. 1996).

As indicated above, Defendant argues that he cannot "cross-examine" the now deported material witnesses on the new charges in the superseding indictment.[2] Thus, he

---

[2] The Government argues in the alternative that even the Court finds that the waiver in this case is not binding, Defendant must still show that the government acted in bad faith. Doc. #82 at 3 (citing *Gastelum-Almeida*, 298 F.3d at 1174). However, *Gastelum-Almeida* deals with the Sixth Amendment right to compulsory process and not the Sixth Amendment right to confront witnesses. *Id.* ("To show that the government's deportation of the alien witnesses violated his Fifth Amendment right to due process and his Sixth Amendment right to compulsory process, [defendant] must show that the government acted in bad faith and that this conduct resulted in prejudice to his case."); *see also Selam v. Warm Springs Tribal Correctional Facility*, 134 F.3d 948, 952 (9th Cir. 1998) ("The Supreme Court has held that

argues that under *McCown* he has suffered actual prejudice under the speedy trial act. The Court disagrees that Defendant has been prejudiced. It is undisputed that all of the testimony the government is capable of using from the material witnesses was disclosed to Defendant before the material witnesses were deported. It is further undisputed that defense counsel knew the content of this testimony when he signed the stipulation agreeing to the release of the material witnesses. Finally, as quoted above, the stipulation allows for the use of this testimony at any hearing or trial in this case. Because Defendant knew the content of the testimony, the Court finds that he is not prejudiced by its use in this case on the charges in the superseding indictment.

### B.     Double Jeopardy

Next, Defendant argues that charging a person with both conspiracy to commit a crime and the underlying crime itself violates the double jeopardy clause. Doc.#75 at 7-8. Specifically, Defendant argues that aiding and abetting is not a separate offense (citing *United States v. Garcia*, 400 F.3d 816, 819-20 (9th Cir. 2005)) and that the Ninth Circuit Court of Appeals did not list conspiracy as a separate immigration offense in its decision in *United States v. Lopez*, 484 F.3d 1186, 1190-91 (9th Cir. 2007) (en banc). Thus, Defendant concludes that conspiracy to harbor illegal aliens and harboring illegal aliens must not be separate offenses.

The government responds (citing *United States v. Felix*, 503 U.S. 378, 389 (1992)) and concludes Defendant is wrong as a matter of law. In *Felix*, the Supreme Court cited a line of cases holding "The commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses and the plea of double jeopardy is no defense to a

---

the Sixth Amendment's guarantee of compulsory process only is violated when the criminal defendant is arbitrarily deprived of testimony that would have been relevant and material, and vital to the defense."(internal quotations omitted)). Because Defendant's argument is that he cannot "cross-examine" these witnesses, the Court has interpreted such argument as only a right-to-confront-witnesses-against-him argument and not as a right-to-call-witnesses-in-his-favor argument. The Court does not find *Gastelum-Almeida* applicable to Defendant's confrontation clause argument.

1 conviction for both offenses." *Id.* (citing *Pinkerton v. United States*, 328 U.S. 640, 643
2 (1946)). Based on *Felix*, this Court agrees with the government that charging the same
3 defendant with harboring illegal aliens and conspiracy to harbor illegal aliens, even when
4 there will be some overlap in proof, does not violate double jeopardy. *See also United States*
5 *v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994); *United States v. Johnson*, 109 F.3d 597, 600
6 (9th Cir. 1997). Thus, the motion to dismiss based on double jeopardy will be denied.

7 **C.     Duplicitous Charging**

8 Defendant argues that the government charging both "entered" the United States and
9 "found in" the United States in the illegal reentry count is duplicitous and must be dismissed.
10 Defendant cites several cases, including *United States v. Pacheco-Medina*, 212 F.3d 1162,
11 1165 (9th Cir. 2000), for the proposition that "enter" "attempt to enter" and "found in" as
12 listed in 8 U.S.C. § 1326 are all separate or distinct offenses. Doc. #75 at 9. Thus,
13 Defendant concludes that the illegal reentry charge in this case is duplicitous because it is a
14 single count of the indictment which joins two or more distinct offenses. Doc. #75 (citing
15 *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005)).

16 The government responds and concedes that 8 U.S.C. 1326 contains three separate
17 offenses. Doc. #82 at 7. The government continues that Defendant might be able to argue
18 duplicitousness if it had charged attempted reentry in the same count as entered or found in.
19 *Id.* However, the government argues attempted reentry is different because it is a specific
20 intent offense whereas entered and found in are both general intent offenses. *Id.* (citing
21 *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1190 (9th Cir. 2000) (en banc)). The
22 government concludes that the charging is not duplicitous if both charges are general intent
23 crimes. Doc. #82 at 7.

24 Additionally, the government argues that the "entry" act is necessarily included every
25 time a defendant is "found in" the United States. Doc. #82 at 7. Thus, the government goes
26 on to argue that because found in necessarily requires an entry, it is not duplicitous to charge
27 both. *Id.* In *Pacheco-Medina* the Court of Appeals held that for the government to prove
28 "found in" it must also prove "entry." 212 F.3d at 1166. Specifically, the Court stated:

- 5 -

> We, therefore, reject the argument that because proof of the crime of "entry" is not needed to prove the crime of "found in," cases involving the former do not irradiate the latter. We, instead, hold that the concept of entry not only illuminates but also is embedded in the "found in" offense. No doubt, an entry, as defined legally, is required before a person can be guilty of the crime of entry. By the same token, it logically follows that an entry, as defined legally, is required before a person is "found in" the United States. To put it another way, it is apodictic that [defendant] cannot have been found in a place he did not succeed in entering.

*Id.* at 1166.

Reading *Pacheco-Medina* literally, the Court of Appeals states that entered and found in are separate offenses, seemingly supporting Defendant's argument that, as separate offenses, they must be charged in separate counts. 212 F.3d at 1165. However, the Court of Appeals also seems to treat "entered" as included in "found in." *Id.* at 1166. Based on this treatment by the Court of Appeals, this Court finds that every "found in" charge includes the "embedded" entry charge. Thus, though the Court of Appeals holds that these are separate and distinct offenses, *id.* at 1165, it nonetheless requires one for the other. Based on that, this Court finds that charging them together in the conjunctive, "entered and was found in," as the superseding indictment does in this case, does nothing more than hold the government to the proof required in *Pacheco-Medina*; specifically that to prove found in, it must also prove entered. Thus, this Court will not dismiss the illegal reentry charge as duplicitous. Nonetheless, Defendant may still propose a jury instruction, like the one in *Technic Services, Inc.*, 314 F.3d at 1040 clarifying for the jurors on exactly what they must be unanimous.

**D.    Voluntariness within an Illegal Reentry Charge**

Finally, Defendant argues that the indictment is defective as to the illegal reentry count because it does not specifically charge that Defendant "voluntarily" entered. Doc. #75 at 10-11 (citing *United States v. Salazar-Gonzalez*, 458 F.3d 851, 857-58 (9th Cir. 2006)).[3]

---

[3] *Salazar-Gonzalez* holds that for the government to prove the 1326 "found in" offense, the government must prove that the defendant "entered voluntarily." 458 F.3d at 856. This requirement further supports this Court's interpretation of *Pacheco-Medina* that entered and found in may be charge in one count without being duplicitous, because again

1  The government concedes that *Salazar-Gonzalez* requires the Court, when requested, to
2  instruct the jurors that they must find that the entry was "voluntary." Doc. #82 at 9.
3  However, the government disputes that "voluntariness" needs to be pled in the indictment;
4  noting that the Ninth Circuit Court of Appeals has held, "[v]oluntary entry need not be
5  expressly pled in an indictment for a violation of 8 U.S.C. § 1326." Doc. #82 at 8 (quoting
6  *United States v. San Juan-Cruz*, 314 F.3d 384, 390 (9th Cir. 2002)).

7  The Court agrees with the government that the Court of Appeal's holding in *Salazar-*
8  *Gonzalez* regarding the appropriate jury instructions did not overrule the Court of Appeal's
9  holding in *San Juan-Cruz* regarding what must be pled in an indictment. Therefore, the
10 Court will not dismiss the illegal reentry count as defective.

11 **E.    Conclusion**
12 Based on the foregoing,
13 **IT IS ORDERED** denying Defendant's Motion to Dismiss (Doc. #75).
14 DATED this 4th day of May, 2009.

/s/ James A. Teilborg
United States District Judge

---

28 the government is required to prove "entered" to prove "found in."

- 7 -