**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 08-520-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Jose Contreras-Rangel, | |
| Defendant. | |

On May 22, 2009, the jury found Defendant guilty of conspiracy to harbor illegal aliens and harboring illegal aliens. Doc. #116. During trial, the government argued that Defendant was an illegal alien who was being smuggled into the United States who, once in Phoenix, made arrangements with the smugglers to become a guard for a reduced smuggling fee. Doc. #141 at 8. Defendant argued that he was merely an illegal alien being smuggled into the United States and not a smuggler.[1]

Pending before this Court is Defendant's motion for new trial. Defendant argues two factual bases for a new trial: 1) the Court erred in admitting testimony of statements made by the material witnesses; and 2) the Court erred in admitting testimony regarding Defendant's injuries.

---

[1] Defendant was also charged with illegal re-entry after deportation; Defendant pled guilty to that charge. Doc. #101.

**Motion for New Trial**

"The object of a motion for new trial is both to give the trial court the chance to correct errors in the proceedings, if any, and to preserve such errors for appeal." *U.S. v. Reyes*, 510 F.Supp. 150, 153 (D. Ariz. 1981). To prevail on a motion for new trial under Rule 33, the defendant must show that a new trial is required "in the interest of justice." Fed. R. Crim. P. 33(a). Generally, the Ninth Circuit Court of Appeals has found a new trial to be appropriate only in exceptional cases involving a "miscarriage of justice" or situations where "the evidence preponderates heavily against the verdict." *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984). The evidence is sufficient to support the verdict and deny the motion for new trial if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 1372.

More specifically, when a motion for new trial is premised on an argument that inadmissible evidence was improperly admitted,

> Rulings of the court in the conduct of the trial on matters resting in its discretion are not ground for a new trial, unless substantial injustice is shown to have resulted therefrom. ...
> In fixing the degree of prejudice due to receipt of inadmissible evidence, the probative force of such evidence must be compared with that of the admissible evidence which supports the verdict.

*Reyes*, 510 F.Supp. at 153 (citing 66 C.J.S. New Trial § 38 (1950) and *United States v. Johnson*, 618 F.2d 60 (9th Cir. 1980)). In other words, if the Court determines that improper evidence was admitted, then the Court must determine whether, after excluding the inadmissible evidence, there is still sufficient evidence to support the verdict. *Cooper v. McGrath*, 314 F.Supp.2d 967, 998 (N.D. Cal. 2004).

**Statements from the Material Witness**

In this case, Defendant argues that the Court improperly allowed an officer to testify regarding statements a material witness said had been said by one of the smugglers who was a recounting of a statement made by another smuggler in Mexico. To be exact, at trial the

officer testified that one of the material witnesses (Candido) heard one of the alien smugglers say that other smugglers recommended Defendant. *See* Doc. #141 at 15.

By way of background, in May of 2008 the government had material witnesses against Defendant in custody. Depositions of the material witnesses had been scheduled. *See* Doc. #137 at 7-10. In lieu of going forward with the depositions, Defendant signed a stipulation that the material witnesses could be released and that their testimony could be admitted against him at trial through one of the officers in the case. Doc. #14.

During the trial in this case, Defendant objected to the statements of the material witnesses being admitted arguing that admitting them in this fashion violated the confrontation clause. Doc. #137 at 12. This Court conducted a hearing and found that Defendant had knowingly, voluntarily and intelligently waived his right to confront the material witnesses. *Id*. at 18.[2] Accordingly, the Court held the parties to the stipulation and permitted the government to introduce the statements of the material witnesses through one of the officers.

In his motion for new trial, Defendant refines this argument. Specifically, without re-raising whether the entire stipulation was knowing, voluntary and intelligent, he argues that the testimony the government elicited was beyond the intent of the parties in making the original stipulation.

As this Court previously recounted in its order of May 4, 2009:

> "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42 (2004). The accused may waive this right. *See United States v. Mezzanatto,* 513 U.S. 196, 201 (1995). The government must establish by clear and convincing evidence that the waiver was voluntary, knowing, and intelligent. *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000);*United States v. Marotta,* 518 F.2d 681, 684 (9th Cir. 1975) ("[T]he government always has the burden of proving

---

[2] In so ruling, the Court made specific findings regarding both Defendant's understanding of the stipulation and the possible strategic reasons for reaching such a stipulation. The Court further noted that such stipulations are permissible and binding under Ninth Circuit case law. Doc. #137 at 15-18.

> that a defendant knowingly waived his constitutional rights."). A defendant's attorney may waive the right to confront witnesses as a trial strategy. *Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965). If a stipulation in a criminal trial is entered into freely and voluntarily it is binding and enforceable; thus "a defendant who has stipulated to the admission of evidence cannot later complain about its admissibility." *United States v. Technic Services, Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002). Courts should interpret the stipulation "so as to carry out the intention of the parties." *United States v. Petty*, 80 F.3d 1384, 1387 (9th Cir. 1996).

Doc. #85 at 3.

Now, Defendant argues that while he stipulated that the government could bring in the material witnesses' statements, he did not anticipate that the government would bring in statements the material witness overheard, which were made to one of the smugglers by a third party outside the material witness' presence. As discussed above, the officer testified that one of the material witnesses heard one of the alien smugglers say that other smugglers in Mexico highly recommended Defendant. *See* Doc. #141 at 15.

Defendant argues that his waiver did not anticipate that a "hearsay" statement from a third-party in Mexico could be used against him. He further argues that had the material witnesses actually testified, this testimony would have been inadmissible. The government responds and argues that before he signed the stipulation, Defendant had all of the discovery including this statement; thus, this statement is clearly covered by the stipulation. Further, the Government argues that this statement is not hearsay because both the statement of the recommender in Mexico, and the statement of the smuggler in Phoenix, would be statements of co-conspirators.[3]

---

[3] To the extent Defendant is making a global *Crawford* argument, neither the statement of the recommender nor the smuggler would be "testimonial" because they were not made at a preliminary hearing, before a grand jury, at a trial, or in response to police interrogations. *See U.S. v. Norwood*, 555 F.3d 1061, 1065-66 (9th Cir. 2009). For *Crawford* to apply the statement must be a testimonial statement that Defendant did not have the opportunity to cross-examine. *Id.* at 1066 ("This Court has interpreted the Supreme Court's ruling in *Crawford* to allow the admission of nontestimonial statements without scrutiny under the Confrontation Clause."). Thus, Defendant's *Crawford* argument as to these statements is without merit.

Based on the extensive colloquy between the Magistrate Judge and Defendant and Defendant's counsel at the hearing when Defendant enter into the stipulation (Doc. #137 at 7-10), and the language of the stipulation itself (Doc. #14), the Court continues to find that the stipulation was knowingly, voluntarily and intelligently entered into by Defendant and that the stipulation anticipated and included the statements now at issue. Therefore, the statements were properly admitted and Defendant's motion for new trial on this basis will be denied.

**Allegations of Sexual Assault**

Next, Defendant argues that he is entitled to a new trial because the jury heard testimony regarding allegations by a smuggled girl that Defendant sexually assaulted her, which resulted in some of the other smugglers hitting Defendant. Defendant's total argument in his motion is as follows:

> During trial, the evidence was admitted concerning an allegation of sex abuse of one of the two female pollos. This evidence was highly prejudicial and deprived defendant of a fair trial.

Doc. #118 at 5.

The government responds and recounts that on multiple occasions the government notified Defendant and sought leave of the Court to ask witnesses about the sexual abuse allegation to rebut any suggestion that Defendant was injured at the time of his arrest because he was another smugglee-victim who the smugglers abused. Doc. #141 at 16. The government goes on to recount that on multiple occasions, the Court denied the government's request to go into this line of questioning. *Id.* at 16-17. Then, Defendant testified on direct examination about his injuries. *Id.* at 17. The Court then permitted the government to ask Defendant about whether the injuries stemmed from an allegation by a smugglee-victim, but not to ask about the nature of the allegations. *Id.* When asked, Defendant denied that any allegations were made by a smugglee-victim. *Id.* The Court then permitted the government to ask the open-ended question to Defendant of why he was beaten. *Id.* Defendant then testified regarding the allegation by the female smugglee. *Id.*

The Court finds that Defendant was not prejudiced by this testimony because it was his repeated references to his injuries which caused this testimony to be relevant. Therefore, the Court will deny the motion for new trial on this basis as well.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's motion for new trial (Doc. #118) is denied.

DATED this 3rd day of November, 2009.

James A. Teilborg
United States District Judge